# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01962-REB - MJW

WILLIE E. WASHINGTON,

    Plaintiff,

v.

T-MOBILE, INC.

    Defendant.

---

PROTECTIVE ORDER (Docket No. 24-1)

---

Upon showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, it is ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure of discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (A) Plaintiff and (B) Defendant and its current and former employees. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. No information shall be designated CONFIDENTIAL unless an attorney has determined that its disclosure implicates common law and statutory privacy interests, or business and financial information of (A) Plaintiff and (B) Defendant and its current and former employees.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, limited to designated representatives for the entity parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, only in the course of formal discovery; and

(h) other persons by written agreement of the parties.

5. Plaintiff shall not disclose or discuss CONFIDENTIAL information with any current or former employee of T-Mobile, except to the extent permitted herein or except to the extent such disclosure or discussion is protected by law.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL"

7. The parties may use CONFIDENTIAL information in motions, as exhibits, or otherwise as needed for purposes of litigating the case, ~~without filing for~~ [but must request] restrictive access under D.C.COLO.LCivR 7.2.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information at any time by giving written notice to the party designating the disputed information as confidential. All information designated CONFIDENTIAL shall be treated as confidential

3

information subject to Paragraphs 5 and 6 above until such time as the parties reach an agreement to change its designation or the Court changes its designation as Confidential. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion [consistent with D.C.COLO.LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 18th day of February, 2015.

BY THE COURT:

/s/ Michael J. Watanabe

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4

STIPULATED TO AND APPROVED BY:

| | |
|---|---|
| s/ Donna Dell'Olio<br>Donna Dell'Olio, #10887<br>Cornish &Dell'Olio, P.C.<br>431 N. Cascade Avenue, Ste. 1<br>Colorado Springs, CO 80903<br>TEL (719) 475-1204<br>FAX (719) 475-1264<br>Email: ddellolio@cornishanddellolio.com<br><br>*Attorney for Plaintiff* | s/ Brooke A. Colaizzi<br>Brooke A. Colaizzi<br>Jonathon M. Watson<br>Sherman & Howard L.L.C.<br>633 17th Street, Suite 3000<br>Denver, CO 80202<br>Tel: 303-297-2900<br>Fax: 303-298-0940<br>Email: bcolaizzi@shermanhoward.com<br>        jwatson@shermanhoward.com<br><br>*Attorneys for Defendant* |